**Vrlina NOZLIC, Plaintiff–Appellant,**

v.

**Sam ROMANO; Joan Van Dewater; AAHA Helping Pets Fund, Defendants–Appellees.**

**No. 11–1513.**

United States Court of Appeals, Tenth Circuit.

March 13, 2012.

Vrlina Nozlic, Littleton, CO, pro se.

---

Before KELLY, TYMKOVICH, and GORSUCH, Circuit Judges.

### ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Vrlina Nozlic filed this suit against two employees of an emergency veterinary clinic as well as a fund that administers grants for veterinary care. She alleges violations of Title III of the Americans with Disabilities Act and Colorado state law. In a thorough six-page order, the district court dismissed Ms. Nozlic's amended complaint pursuant to 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

Ms. Nozlic appeals this decision and seeks permission to proceed *in forma pauperis* on appeal. For substantially the same reasons set out by the district court in its order, we affirm the dismissal below. *See Fogle v. Pierson,* 435 F.3d 1252, 1259 (10th Cir.2006) ("We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion."). Ms. Nozlic simply fails to allege facts supporting an arguable claim of discrimination based on any disability. *See id.* We also deny Ms. Nozlic's motion to proceed *in forma pauperis,* as she fails to present a non-frivolous argument on appeal.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.